**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Armored Group, LLC, a Nevada Limited Liability Company,<br><br>            Plaintiff,<br><br>vs.<br><br>Supreme Industries, Inc., a Delaware corporation; Supreme Corporation of Texas, a Texas corporation; Black and White Business Entities 1 through 5,<br><br>            Defendants. | No. CV 09-414-PHX-NVW<br><br>**ORDER** |

Before the Court are Defendant Supreme Industries, Inc. and Supreme Corporation of Texas's motions to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6), and 9(b). (Doc. ## 9, 10.) Plaintiff The Armored Group, LLC ("Armored Group") alleges that from 2004 to 2006 it contracted to be the exclusive sales representative of Supreme Corporation, an Indiana corporation. Upon termination of that contract, Armored Group alleges that it entered into an oral agreement with Defendants to continue performing their sales and marketing on a non-exclusive basis. Armored Group alleges that Defendants breached that oral agreement, committed fraud, tortiously interfered with Armored Group's business relationships, violated their covenant of good faith and fair dealing, and have been unjustly enriched.

1  Defendants challenge this Court's personal jurisdiction. They argue that they lack
2  the "minimum contacts" with Arizona necessary for the Court to assert personal
3  jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When a
4  defendant challenges the court's personal jurisdiction by motion, the plaintiff bears the
5  burden to make a prima facie showing of jurisdictional facts through its pleadings,
6  affidavits, and written discovery materials. *Davis v. American Family Mut. Ins. Co.*, 861
7  F.2d 1159, 1161 (9th Cir. 1988). "Although the plaintiff cannot 'simply rest on the bare
8  allegations of its complaint,' uncontroverted allegations in the complaint must be taken as
9  true." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (citations omitted). No
10 federal statute specifically defines the extent of personal jurisdiction in this case, so
11 Arizona law controls. Arizona's long-arm statute permits the exercise of personal
12 jurisdiction to the extent allowed by the due process clause of the United States
13 Constitution. Under the due process clause, "[u]nless a defendant's contacts with a forum
14 are so  substantial, continuous, and systematic that the defendant can be deemed to be
15 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction
16 — that is, jurisdiction based on the relationship between the defendant's forum contacts
17 and plaintiff's claims." *Id.*

18  Armored Group has not shown that Defendants' contacts with Arizona are so
19 substantial, continuous, and systematic to give rise to general jurisdiction. Neither
20 Defendant is an Arizona corporation, and neither has its principal place of business in
21 Arizona. Neither Defendant is licensed to do business in the state, and neither has any
22 registered agent in Arizona for service of process. Neither maintains any offices or
23 employees in Arizona. Armored Group's CEO, Robert Pazderka, testifies that
24 Defendants have sold vehicles to various corporations in Arizona and have at least 11
25 authorized dealers in Arizona. Although these examples weigh in favor of general
26 jurisdiction, they do not by themselves establish that Defendants' are present in the state
27 for all purposes. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 570 (2d
28 Cir. 1996) (holding that relationships with independent authorized dealers  "when taken

1  together" with a variety of other evidence established sufficient contacts to assert general
2  jurisdiction).  Armored Group has not demonstrated that Defendants' contacts with
3  Arizona have the "[l]ongevity, continuity, volume, economic impact, physical presence,
4  and integration into the state's regulatory or economic markets" that amount to a general
5  presence in the state.  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th
6  Cir. 2006).

7        The Court therefore only has personal jurisdiction if this suit "'arises out of' or is
8  related to the defendant's contacts with the forum and the defendant 'purposefully avails
9  itself of the privilege of conducting activities within [Arizona], thus invoking the benefits
10  and protections of its laws.'"  *Id.* at 1169 (quoting *Burger King Corp. v. Rudzewicz*, 471
11  U.S. 462, 475 (1985)).  Armored Group's core allegation is that Defendants breached the
12  terms of an oral agreement following the termination of the written agreement with
13  Supreme Corporation.  However, Defendants have submitted affidavits stating that
14  Supreme Corporation is a separate corporation not party to this suit and they deny having
15  ever contracted with Armored Group themselves, orally or otherwise.  Neither Armored
16  Group's complaint nor its evidentiary materials identify the individual that entered into
17  the alleged oral agreement with Armored Group, much less demonstrate that the
18  individual was the Defendants' agent, as opposed to an agent of Supreme Corporation or
19  some other corporation.  Having failed to provide any evidence that an agent of the
20  Defendants participated in the alleged oral agreement, Armored Group cannot rely on that
21  agreement to establish personal jurisdiction over Defendants.  Armored Group has
22  similarly failed to provide any evidence that an employee of the Defendants tortiously
23  interfered with its business relationships.

24        Furthermore, Armored Group's bald assertion that Defendants and Supreme
25  Corporation are all the same entity, or that Defendants are successors-in-interest to
26  Supreme Corporation, is not enough to withstand the motion to dismiss.  Defendants have
27  contested those allegations, so Armored Group may not rely upon the bare allegations in
28  its complaint.  Armored Group has the burden to make a prima facie showing of

jurisdictional facts. *Menken*, 503 F.3d at 1056. Armored Group has provided no evidence that the Defendants lack independent corporate identities or that they assumed Supreme Corporation's liabilities. *See Patrick v. Mass. Port Auth.*, 141 F. Supp. 2d 180, 185–86 (granting a motion to dismiss because the plaintiff offered no evidence that the defendant was the successor-in-interest of a company over which the court had personal jurisdiction); *Alves v. Players Edge, Inc.*, NO. 05CV1654 WQH (CAB), 2007 U.S. Dist. LEXIS 98184 at *17 (S.D. Cal. Aug. 8, 2007) ("A corporation's contacts with a forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor." (quoting *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1132 (10th Cir. 1991))).

Armored Group has also failed to state a claim upon which relief can be granted. The complaint provides no basis for collectively referring to Defendants as "Supreme." It never identifies any of the individuals involved in the alleged events except for one, and even then it does not allege specifically for whom that individual worked. The complaint provides none of the circumstances surrounding the formation of the alleged oral agreement; it simply states that such an agreement exists. (Doc. # 1, Ex. A, Compl. ¶ 18.) These deficiencies are especially problematic for the fraud count, which must be plead with specificity under Rule 9(b). *See Misc. Serv. Workers, Drivers, & Helpers v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) ("[T]he pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."). The tortious interference counts of the complaint are nothing more than a "formulaic recitation of the elements of [the] cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Armored Group's complaint will therefore be dismissed with leave to amend to correct its jurisdictional and substantive defects. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) ("Assuming a substantive or jurisdictional defect in the pleadings, '[d]ismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by

- 4 -

1  any amendment.'") (quoting *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund,*
2  *Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003))).
3        If Armored Group chooses to amend its complaint, it may not collectively accuse
4  Defendants of committing misdeeds through the expedience of a fictional collective title
5  like "Supreme." Armored Group must allege the identities and affiliations of the persons
6  involved in the alleged events so that it is clear which Defendant must answer each of its
7  allegations. If Armored Group wishes to allege that Defendants lack distinct corporate
8  identities, or that a particular Defendant is the successor-in-interest to Supreme
9  Corporation, it must do so explicitly and provide the basis for its accusation. It must also
10 be prepared to meet Defendants' motion to dismiss with prima facie evidence of the truth
11 of its allegations or explain why jurisdictional discovery and an evidentiary hearing are
12 necessary and proper under the circumstances.
13       IT IS THEREFORE ORDERED that Defendant Supreme Industries, Inc. and
14 Supreme Corporation of Texas's motions to dismiss (doc. ## 9, 10) are granted and
15 Plaintiff The Armored Group, LLC is granted leave to amend its complaint by May 29,
16 2009.
17       IT IS FURTHER ORDERED that this case will be dismissed without prejudice if
18 Plaintiff does not file an amended complaint by May 29, 2009.
19       DATED this 14th day of May, 2009.

                                                Neil V. Wake
                                       United States District Judge