**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Armored Group, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Supreme Corporation, a Texas corporation; and Supreme Corporation of Texas, a Texas corporation,<br><br>Defendants. | No. CV 09-414-PHX-NVW<br><br>**ORDER** |

This case has been pending before the undersigned judge for nearly two years, and there have been extensive proceedings. A final pretrial conference is set for February 3, 2011. Pending before the Court are 18 motions that have been filed since December 23, 2010.

On January 4, 2011, Defendants' counsel filed a notice that attorney John D. Everroad of Fennemore Craig, PC, associates as counsel for Defendants. (Doc. 213.) The appearance of the firm of Fennemore Craig, PC, raises questions of the disqualification of the undersigned judge and/or the propriety association of the firm in this case. Therefore, the Court will set a status conference, at which counsel may appear by telephone, to address the disqualification of the undersigned judge and/or the propriety association of the firm in this case.

In other matters pending before me involving the firm of Fennemore Craig, PC, I have given the following disclosure concerning disqualification. The law firm of Fennemore Craig PC represents a plaintiff against a limited liability company and a limited partnership in which I and my wife have indirect interests. Though there is no claim or possibility of personal liability to me and my wife, we have beneficial interests in the entities and therefore have an ultimate financial interest in the litigation. The litigation and our interests are as follows.

**THE INVESTMENT ENTITIES AND MY INTEREST IN THEM**

I and my wife are both (a) members of Apache Peak Investments, LLC, an Arizona limited liability company, and (b) shareholders of Whetstone Development Company, an Arizona corporation. Apache Peak Investments, LLC is a partner of Whetstone Partners, LLP, an Arizona limited liability partnership. I am not a general partner of Whetstone Partners, LLP. My involvement in it is only indirect, through my ownership interest in one of its constituent partnerships, Apache Peak Investments, LLC. Whetstone Partners has an interest, either as owner, Trust Beneficiary, or Beneficiary of a Deed of Trust, in approximately 13,000 acres of land located in Benson, Cochise County, Arizona. This land is commonly known as the "Whetstone Ranch." Along with other property, approximately 1,700 acres (the "WDC Investment Property") of the Whetstone Ranch was optioned by Whetstone Partners, LLP to WDC Investment Company, LLC. WDC Investment Company, LLC is currently wholly owned by Whetstone Development Company.

I do not act as a manager, officer, or director of any of these entities. I have never acted in a management capacity for any of them. As shareholders, we have less than a 1% percent interest in Whetstone Development Company, the sole member of WDC Investment. Therefore, we indirectly hold the same percentage interest in WDC Investment Company. By virtue of our membership in Apache Peak Investments, LLC which in turn is a member of Whetstone Partners, LLP, we also have ultimately less than 1% beneficial interest in Whetstone Partners, LLP.

**SAGE LITIGATION**

1  WDC Investment Company entered into a contract to assign its option rights in the
2  WDC Investment Property to Sage Whetstone, LLC, a Delaware limited liability company.
3  On April 30, 2008 Sage Whetstone filed a Complaint in the U.S. District Court, District of
4  Arizona (Complaint No. CIV-08-275-JMR) against both WDC Investment Company, LLC,
5  and Whetstone Partners, L.L.P. arising out of the contract for the option rights. Fennemore
6  Craig PC represents Sage Whetstone, LLC in the litigation. The Complaint contains four
7  counts, which are as follows:

8  1. **Count One: (Breach of Contract – Covenant of Good Faith and Fair**
9  **Dealing)**. The contract provided that certain documents would be imposed as encumbrances
10 (the "Encumbrance Documents") upon the WDC Investment Property. Sage Whetstone
11 alleges that the Encumbrance Documents tendered to Sage Whetstone in connection with the
12 contract were "not commercially reasonable, and seek to deprive Sage Whetstone from
13 receiving the benefits reasonably contemplated and expected to flow to it under the
14 Agreement." Therefore, Sage Whetstone asserts that it is entitled to damages for breach of
15 contract.

16 2. **Count Two: (Recision of Contract).** Sage Whetstone alleges that the parties
17 understood that "a material basis of the Agreement was the participation of a financially
18 responsible, experienced, national scope homebuilder and developer such as Pulte [Homes]."
19 Because Pulte Homes withdrew from a contract to purchase a separate parcel within the
20 Whetstone Ranch, Sage Whetstone claims it is entitled to recision of the contract.

21 3. **Count Three: (Breach of Contract – Return of Deposit)**. Sage Whetstone
22 alleges that "if the parties do not agree on Encumbrance Documents, Sage Whetstone can
23 terminate the Agreement, and the refundable deposits paid by Sage Whetstone then shall be
24 repaid to Sage Whetstone." Sage Whetstone alleges that it did not agree to the Encumbrance
25 Documents, and therefore, is entitled to the return of its refundable earnest money deposit
26 in the amount of $1, 600,000.00.

27 4. **Count Four: (Unjust Enrichment).** Sage Whetstone alleges that it has "paid
28 for services and consultants whose work has increased the value of the land." Sage

- 3 -

1 Whetstone further alleges that WDC Investments and Whetstone Partners have failed "to pay
2 Sage Whetstone for the value of the benefits received," and that such failure to pay for the
3 value of these benefits is not justified. Therefore, Sage Whetstone alleges that it is entitled
4 to payment of damages arising from WDC Investments' and Whetstone Partners' unjust
5 enrichment in connection with Sage Whetstone's planning and consulting services. No
6 specific amount is prayed for under this count. However, Sage Whetstone alleges that it
7 expended approximately $4,430,000.00 in connection with "the Master Planned Community"
8 it intended to construct upon the property.

9      5. **Answer and Counterclaim.** The Defendants in this action have filed an
10 Answer and Counterclaim and have asserted both that nothing is owed to Sage Whetstone,
11 LLC and that Sage Whetstone, LLC is liable to the Defendants pursuant to A.R.S. § § 33-420
12 for their filing of a wrongful lis pendens.

13 **STANDARDS OF JUDICIAL DISQUALIFICATION**

14      The standards for judicial disqualification are set out in 28 U.S.C. § 455. I find no
15 grounds for disqualification under 28 U.S.C. § 455(b), which are non-waivable. However,
16 the general disqualification of 28 U.S.C. § 455(a) requires a judge to disqualify himself "in
17 any proceeding in which his impartiality might reasonably be questioned." Section 3.6-3 of
18 the Guide to Judiciary Policies and Procedures summarizes general principles of
19 disqualification where a lawyer appearing before the judge is representing an opposing party
20 in other litigation adverse to the judge:

21     § 3.6-3 Lawyer Representing Party Opposing Judge in Other Litigation
    (a) A judge should recuse from cases handled by a law firm, one of whose members
22     or associates represents a party adverse to the judge in other litigation. Similarly, a
    judge who joins a class action arising from former employment with the Department
23     of Justice should recuse (subject to remittal) from cases handled by a DOJ attorney
    directly involved in the class action or the underlying administrative decisions leading
24     to it.
    (b) Recusal is not required when a lawyer or law firm previously represented an
25     adverse party in litigation to which the judge or the judge's minor child was a party,
    after the matter has been finally closed.
26     (c) Judge should recuse, subject to remittal, from cases in which the bankruptcy
    trustee's counsel is an attorney in a firm whose partner is suing the judge in unrelated
27     litigation.
    (d) When a former law firm is involved in litigation that may result in the judge's
28     personal liability, the judge should recuse (absent remittal) where the following

1  persons appear: lawyers who are parties against the law firm; law firms representing plaintiffs against the law firm; lawyers who are lay and expert witnesses against the law firm; specific lawyers representing the law firm; other members of the firms representing the law firm.
(e) A judge should recuse from matters handled by a law firm representing a developer, where the judge's property value would be diminished substantially by the development, the judge has publicly opposed it, and the matter is in litigation (though the judge is not a party).
(f) A judge's impartiality cannot reasonably be questioned because a party moved, in unrelated litigation, to add as a defendant a company in which the judge had a financial interest, but then withdrew the motion.

I have previously concluded that my ultimate financial interests in Whetstone Development Company, the sole member of WDC Investment Company, LLC, and Whetstone Partners, L.L.P. are sufficient to implicate 28 U.S.C. § 455(a), as interpreted by section 3.6-3 of the Guide to Judiciary Policies and Procedures. However, though my impartiality might reasonably be questioned in matters in which Fennemore Craig PC are counsel, I have no actual bias or prejudice for or against the firm or any of its lawyers, or for or against any of its clients in the matters before me.

Disqualification under 28 U.S.C. § 455(a) is subject to waiver if "preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e). I have consulted with the office of the General Counsel of the Administrative Office of the Courts, which provides advice to federal judges on matters of judicial ethics and disqualification, and I am advised that my disqualification in this case is subject to waiver.

IT IS THEREFORE ORDERED setting a status conference for <u>January 28, 2011, at 2:15 p.m.</u> on the disqualification of the undersigned judge and/or the propriety association of the firm of Fennemore Craig, PC, in this case.

Dated: January 24, 2011.

_____
Neil V. Wake
United States District Judge